IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


GREGORY COLLIER,

                    Plaintiff,                      Case No. 3:15 CV 474

        -vs-

                                               <u>MEMORANDUM   OPINION</u>

STATE OF OHIO,

                    Defendant.

KATZ, J.

      Gregory Collier, who is represented by counsel, sued the State of Ohio, Opportunities for Ohioans with Disabilities Agency, Bureau of Vocational Rehabilitation, pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 2000e et seq.  The Defendant has filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Doc. No. 4).  The time for Collier to file a response has long passed.

I.  Jurisdiction and Venue

      The Court finds that it has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue is also properly before this Court.  *See* 28 U.S.C. § 1391; N.D. Ohio R. 3.8.

II.  Standards of Review

      Rule 12(b)(1) provides for the dismissal of an action for lack of subject matter jurisdiction. *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014).  A Rule 12(b)(1) motion can challenge the sufficiency of the pleading itself (facial attack), or the factual existence of subject matter jurisdiction (factual attack).  *Id.*  A facial attack goes to the question of whether a plaintiff has alleged a basis for subject matter jurisdiction, while a court takes the allegations of the complaint as true for purposes of the Rule 12(b)(1) analysis.  *Id.*

A factual attack challenges the factual existence of subject matter jurisdiction.  *Id*.  In the case of a factual attack, a district court has broad discretion regarding what evidence to consider in deciding whether it has subject matter jurisdiction, including evidence outside of the pleadings. *Id*.  A court has the power to weigh the evidence and determine the effect of that evidence on its authority to hear the case.  *Id*. at 759–60.  The plaintiff bears the burden of establishing that subject matter jurisdiction exists.  *Id*. at 760; *DLX, Inc. v. Commonwealth of Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).

Regarding the request to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to Mr. Collier and accepts all factual allegations as true.  *Laborers' Local 265 Pension Fund v. iShares Trust*, 769 F.3d 399, 403 (6th Cir. 2014), *cert. denied*, 135 S. Ct. 1500 (2015).  However, the Court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice."  *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir.), *cert. denied*, 135 S. Ct. 758 (2014) (quoting *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 275–76 (6th Cir. 2010)) (internal quotation marks omitted).  A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  Federal Rule of Civil Procedure 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more

2

than conclusions." *Id*. at 678–79.  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

### III.  Discussion

In his cryptic complaint, Mr. Collier states that in October 2012, he started to experience ongoing difficulties with various individuals in the defendant agency.  He alleges the agency and its employees did not use their "best efforts to locate and/or place" him "in a suitable job for which he was qualified for or could become qualified due to his skills sets."  Mr. Collier contends that he was not properly placed in available jobs or sent to job sites for which he was qualified to work.  He asserts that he was placed in "menial" jobs which bore no resemblance to his work history or educational skills.

Mr. Collier alleges that the Defendant, an agency of the State of Ohio, discriminated against him based on his race in violation of § 1981.  The Defendant has moved to dismiss Mr. Collier's § 1981 claim based on the Eleventh Amendment.

An Eleventh Amendment immunity defense raises a question of federal jurisdiction. *Johnson v. Univ. of  Cincinnati*, 215 F.3d 561, 570 (6th Cir. 2000); *see also Wilson–Jones v. Caviness*, 99 F.3d 203, 206 (6th Cir. 1996) ("As an Article III restriction, state immunity is jurisdictional in the same sense as the complete diversity requirement, . . . or the well-pleaded complaint rule.") (citations omitted).  Because the Defendant is an arm of the State of Ohio, it "is immune from suit under the Eleventh Amendment because it is well-settled that a plaintiff is precluded from directly suing a State in federal court" under § 1981.  *Johnson*, 215 F.3d at 571; *Hafford v. Seidner*, 183 F.3d 506, 512 (6th Cir. 1999) (recognizing that claims against a State

3

under § 1981 are barred by the Eleventh Amendment). Accordingly, Mr. Collier's § 1981 claim is dismissed for lack of jurisdiction pursuant to Rule 12(b)(1). *Johnson*, 215 F.3d at 570–71.

Regarding his § 2000e claim, Mr. Collier does not state what provision of the statute applies to his situation. The Court is not required to speculate about basic facts that could have easily been alleged by Mr. Collier's attorney. *See Clark v. Corr. Corp. of Am.*, 98 F. App'x 413, 416 (6th Cir. 2004). Title VII provides that an employer may not "discharge any individual, or otherwise . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e–2(a)(1). In order to establish a claim under Title VII, a plaintiff must present either direct or circumstantial evidence of discrimination on the part of the employer. *Johnson v. Kroger Co.*, 319 F.3d 858, 864–65 (6th Cir. 2003); *see also Wheat v. Fifth Third Bank*, No. 13-4199, 2015 WL 2116129, at *6 (6th Cir. May 7, 2015). In his complaint, Mr. Collier does not allege that he was an employee of the Defendant. Therefore, under Title VII, he has failed to state a cause of action. Fed. R. Civ. P. 12(b)(6).

The Court further notes that 42 U.S.C. § 2000e–5(e) requires a party to file charges with the Equal Employment Opportunity Commission (EEOC) within 180 days of the alleged discriminatory event. If a party resides in a deferral state, such as Ohio, charges must be filed within 300 days. *Hall v. Ledex, Inc.*, 669 F.2d 397, 398 (6th Cir. 1982). Mr. Collier does not allege that he filed a charge with the EEOC within the required 300 days. Thus, the requirements of § 2000e–5(e) have not been satisfied.

The Defendant speculates that Mr. Collier may also be seeking judicial review of an administrative decision by the Defendant pursuant to 29 U.S.C. § 722(c)(5)(J). The Rehabilitation

4

Act provides federal funding to assist states in providing vocational rehabilitation services to individuals with disabilities.  *See* 29 U.S.C. § 720(a), (b).

States provide vocational rehabilitation services to eligible individuals through Individualized Plans for Employment (IPE).  *Diamond v. Michigan*, 431 F.3d 262, 263 (6th Cir. 2005).  An IPE contains specific terms and conditions which describe the specific vocational rehabilitation services that are needed for the individual to obtain employment.  *Id.*  Each state must establish procedures for mediation and review of grievances brought by clients.  29 U.S.C. § 722(c).  Any party "aggrieved by a final decision" in the administrative hearing may bring a civil action for district court review.  29 U.S.C. § 722(c)(5)(J).

Mr. Collier's complaint fails to allege that he is seeking judicial review under § 722(c)(5)(J).  *Twombly* requires a plaintiff to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  The complaint must contain sufficient factual allegations, when accepted as true, to state a claim to relief which is plausible on its face.  *Iqbal*, 556 U.S. 678.  Mr. Collier's complaint is silent regarding any request for judicial review.  Therefore, to the extent Mr. Collier's complaint can be construed as seeking review under § 722(c)(5)(J), the claim is dismissed under Rule 12(b)(6).  *Id.*

Defendant also speculates that Mr. Collier may be attempting to bring an age discrimination claim under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 et seq.  However, like his Rehabilitation Act claim, the complaint is silent regarding the ADEA.  The pleading requirements of *Iqbal* and *Twombly* have not been satisfied in this regard.  Therefore, any claim regarding the ADEA is dismissed under Rule 12(b)(6).  *Id.*

IV.  Conclusion

Accordingly, Defendant's motion to dismiss Mr. Collier's complaint under Rule 12(b)(1) and Rule 12(b)(6) is granted.

IT IS SO ORDERED.

    s/ *David A. Katz*    
DAVID A. KATZ
U. S. DISTRICT JUDGE